J. C. HIGGINS v. OTTO FREDERICK.

1—S, a resident of Comal county, mortgaged land in Bexar county to F, to secure certain notes. H, a resident of Bastrop county, subsequently bought the land from S. F brought suit in the District Court of Bexar county against H alone, alleging that H had assumed payment of the notes, and praying a general judgment against him on his assumpsit, as well as a foreclosure of the mortgage. H excepted for want of jurisdiction in the District Court of Bexar county. *Held,* that the exception was well taken, and should have been sustained; and that the tenth exception to Article 1423, Paschal's Digest, does not apply to such a case, nor authorize such a suit to be maintained in another county than that in which the defendant resides.

2—The tenth exception, just referred to, authorizes suit in the county where the land lies only where the foreclosure of mortgages or lien "is the spe-

cific object of the suit;" and it would seem that the foreclosure must be the principal cause of action, and not a mere incident to another cause of action.

3—In this case, inasmuch as the mortgagor was not made a party to the suit, it cannot be considered as a suit to foreclose the mortgage.

4—When the plaintiff's petition disclosed the fact that the only defendant was a resident of a different county than that in which the suit was brought, it was not necessary that the defendant's plea to the jurisdiction, founded on that fact, should be sworn to.

APPEAL from Bexar. Tried below before the Hon. Thomas H. Stribling.

One Christian Schleyer and his wife, on the 26th of February, 1857, made their note for $500, payable to Otto Frederick, the appellee, one year after date, and also executed to him a mortgage on real estate in the city of San Antonio, Bexar county, to secure payment of the note. In August of the same year they made another note to Frederick for a similar amount, also payable in twelve months, and secured it by deed of trust on the same property.

In May, 1867, Higgins, the appellant, bought the property from Schleyer and wife, for considerations which, in view of the opinion, need not be detailed.

On the 23d of April, 1868, Frederick brought this suit in the District Court of Bexar county. He made Higgins the only defendant, and in his petition alleged that Higgins was a resident of the county of Bastrop. He alleged the locality of the mortgaged lots to be in Bexar county, setting forth the mortgages, and represented that Higgins had promised and assumed to pay the notes executed by Schleyer and wife to him, the plaintiff. He prayed for judgment against Higgins for the amount of the notes, and also for a decree foreclosing the mortgages.

Higgins filed an unsworn exception or answer, denying that the court had jurisdiction of the cause, by reason of the fact that he, the defendant, as stated in the petition, was a resident of Bastrop county; and denying that the allegations in the petition brought the case within any of the exceptions to the

provision of the statute requiring defendants to be sued in the county of their residence.

The court treated this as an unsworn plea in abatement, and sustained exceptions of the plaintiff to it.

In view of the opinion of this court, there is no occasion to give a further account of the trial below, which resulted in a verdict for the plaintiff against the defendant for $1000, and unpaid interest, and in a finding in the verdict that the property was still subject to the mortgages. On this verdict the court rendered judgment against Higgins in the general and usual form, and also decreed a foreclosure of the mortgages on the property.

A motion for a new trial being overruled, the defendant appealed.

*S. G. Newton,* for the appellant.

*W. B. Leigh,* for the appellee.

MORRILL, C. J.—Frederick sued Higgins upon a promise to pay a debt which one Schleyer owed to Frederick, secured by a mortgage on a certain tract of land in Bexar county. Suit was brought in Bexar county, the petition showing the residence of Higgins to be in Bastrop county. Higgins excepted to the jurisdiction of the Bexar District Court, and also pleaded the second clause of the statute of frauds, (Art. 3875), alleging that this was a suit to cause him to pay the debt of another, and that it was not based upon a written instrument. The court overruled the exceptions, and the ruling of the court is arraigned as error.

To the general rule that no person shall be sued out of the county of his domicile there are eleven exceptions, and the plaintiff relied upon the tenth, which provides that "in cases for the foreclosure of mortgages or liens, suit may be instituted in the county where the mortgaged property may be." The plaintiff insists that because Schleyer had mortgaged certain

land in Bexar county to secure the payment of the notes, and because Higgins had promised to pay the notes, therefore the suit is to forclose the mortgage, and that the suit is properly brought in the county where the mortgaged land lies, and especially, as in this case, where Higgins owns the land subject to the mortgage.

There is no pretense that Higgins, or any other parties, except Schleyer, made the mortgage. And as the statute provides in the tenth exception for those cases only where " the foreclosure of mortgages or liens is the specific object of the suit," it would seem that the foreclosure of the mortgage must be the principal cause of the action, and not a mere incident to another action. But the only mortgage that is noticed in the petition was between Schleyer as mortgagor and Frederick as mortgagee, and Higgins was no party to it. The proper parties to a suit for the foreclosure of this mortgage were the parties to it.

We, therefore, conclude that this can not be regarded as a suit to foreclose the mortgage, and that the exception of plaintiff, if properly pleaded, ought to be sustained. The plaintiff, however, excepts to the plea of abatement because it is not sustained by affidavit. The statute provides that " no plea in abatement, except a plea to the jurisdiction of the court, or where the truth of the plea appears of record, shall be received or admitted, unless the party pleading the same, or some other person for him, shall make affidavit to the truth thereof." In this case the petition discloses the fact that Higgins, the defendant, resides in Bastrop county, and admits the truth of the plea in abatement. It was in his power to waive this statutory provision of being sued in the county of his residence, and it was also in his power to insist upon it, and when insisted upon, the court erred in not sustaining his exception.

As the judgment must be reversed on the first assigned error, which will also amount to a dismissal, unless the plaintiff can so amend his petition as to make the jurisdiction

attach in the case, we deem it unnecessary to notice the other errors assigned. And especially as we can add nothing to what is so fully treated and discussed in the elementary works on the statute of frauds.

Reversed and remanded.