THOMAS BREEN v. THE TEXAS AND PACIFIC RAILWAY COMPANY.

1. PLEA IN ABATEMENT.—The sufficiency of a plea in abatement must be tested by its own allegations; its omissions cannot be aided or supplied by facts in other pleas.

2. CONSTITUTIONAL LAW.—The title to the act of 21st March, 1874, "An act to fix the jurisdiction in certain cases," sufficiently expresses the object of the first section of said act in enacting "that hereafter any public or private corporation, including railroad companies," * * * "may be sued in any court in this State having jurisdiction of the subject-matter, and in any county where the cause of action or part thereof accrued, or in any county where such corporation has an agency or representative, or in the county in which the principal office of such corporation is situated."

3. SAME—VENUE IN SUIT AGAINST RAILROAD COMPANIES.—Said act of 21st March, 1874, is operative, and is the law of the State as to venue in such cases.

4. PRACTICE.—When a plea in abatement is submitted to the jury with the merits, the jury should be instructed, if they find for the defendant on the plea in abatement, to go no further; and where such instruction was refused, and the jury found for defendant on the plea and for the plaintiff on the merits, the cause will be remanded for new trial.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

Breen sued the Texas and Pacific Railway Company for damages, in assaulting and compelling plaintiff to pay fare a second time, &c.

Defendant pleaded in abatement and general denial, &c.

The jury found a verdict for $635 in favor of plaintiff, and the truth of the plea in abatement.

Upon the verdict judgment was rendered for defendant, and the plaintiff appealed. The pleadings and evidence sufficiently appear in the opinion of the court.

*J. F. Jones* and *Robertson & Herndon* and *A. J. Peeler,* for appellant.

*Steadman & Sexton,* for appellee.

MOORE, ASSOCIATE JUSTICE.—This action was brought by appellant, Thomas Breen, on the fifth day of June, 1874, in the District Court of Wood county, against the Texas and Pacific Railway Company, for the recovery of damages for a wrongful assault for the purpose of expelling plaintiff from said company's train, or by force and violence coercing him to pay the fare charged by said company for riding on their train from Longview, in Gregg county, to Miniola, in the county of Wood, although, as he alleges, said fare had been previously paid.

Among other matters of defense the defendant, said Texas and Pacific Railway Company, filed two pleas in abatement for want of jurisdiction of said action by the court. In the first it is alleged that plaintiff ought not to have and maintain his said action, because the defendant at and before the commencement of plaintiff's suit had and still has its principal office in the city of Marshall, in the county of Harrison, State of Texas, where the defendant is entitled to be sued. In the second it is averred that if the plaintiff has or had any cause of action the same did not accrue within the jurisdiction of the county of Wood but within the county of Gregg, where the acts complained of were committed.

If it is conceded, as is insisted by the counsel of appellee, that suit must be brought against railroad com-

panies in the counties where they have their principal of-
fices, (Paschal's Dig., art. 488,) or if not, then in the
county where the alleged trespass for which the action
is brought was committed, (Paschal's Dig., art. 1428,)
neither of these pleas conform to the strict rules applicable
to pleas in abatement.  In neither of them is it directly
and distinctly averred that the court in which the suit is
brought has not jurisdiction of the case.  The sufficiency
of a plea of this character must undoubtedly be tested by
its own allegations.  Its defects cannot be aided or its omis-
sions supplied by facts alleged and set forth in other pleas.
Now, if suit may be brought, as the defendants seem to ad-
mit, either in the county where the company has its princi-
pal office or that wherein the trespass was committed, the
first of these pleas does not completely negative the jurisdic-
tion of the court, for though the principal office of the
company may be, as it avers, in the city of Marshall, in
Harrison county, the trespass may have been committed in
the county of Wood, for aught that is alleged in it.  And
while it is alleged in the second plea that the trespass was
committed in the county of Gregg it does not negative the
supposition that the principal office of the company may
have been in Wood county.  Neither plea, therefore, stand-
ing by itself, properly presents the issue of jurisdiction.
And had they been excepted to by the plaintiff the excep-
tions should have been sustained.  But no objection seems
to have been made to them, or if so the attention of the
court was not called to it, nor its action invoked thereon.
If, therefore, any was in fact made it must be regarded as
having been abandoned.

    If, then, it is true that the suit can only be prosecuted in
the county where the company have their principal office
or where the trespass was committed, though each of the
pleas was defective when taken singly, yet when taken to-
gether they show that Wood county had not jurisdiction
of the action.  And on the matters alleged in both of them

being found in favor of the defendant, it would seem to me under our liberal, if I should not say loose, system of pleading that a judgment might be properly rendered abating the suit.

This brings us to inquire whether the District Court of Wood county may not have jurisdiction, although the matters alleged in the defendant's pleas of abatement are true. It is not to be controverted that it may, unless the statute entitled "An act to fix the venue in certain cases," approved March 21, 1874, is a nullity. The defendant contends that this act must be so held, because it embraces two objects, neither of which it is insisted are expressed in its title. (Const., art. 12, sec. 17.)

Let us consider these objections.

First. Does this statute embrace more than one object? The plain and manifest object and purpose of its first section is to fix the venue or prescribe where suits against all public and private corporations, including railroad companies created by or under the laws of this State or any other State or county, may be brought; while section second of the act provides how and upon whom service of process in suits against any such corporations may be had.

The section of the Constitution which we are called upon to consider in determining whether this statute has the force of law, as has been uniformly held by this court, as well as all others where a like constitutional provision exists, is not to be given a strict or literal construction. To do so would defeat rather than accomplish the purpose for which it was incorporated into the Constitution. It would tend greatly to embarrass and retard legislation, if not often to defeat it altogether. The purpose intended to be effected by this section of the Constitution was no doubt to prevent the "bringing together into one bill subjects diverse in their nature and having no necessary connection, with a view to combine in their favor the advocates of all, and thus secure the passage of several measures, neither of which could suc-

ceed on its own merits.'' It was also intended to remedy another practice "by which, through dexterous management, clauses were inserted in bills of which the titles gave no intimation,'' and thereby pass bills through the legislature while many members were unaware of their real scope and effect. (13 Mich., 494; 31 Geo., 69; 42 Mo., 578.)

But while the purposes for which this section was incorporated into the organic law have been kept steadily in view it has uniformly received a broad and liberal construction. And it has been often held to be a sufficient compliance with its provisions, if the law has one general object which is fairly indicated by its title, though it may embrace different subjects which are connected with or appropriate for the accomplishment of this general object. If every detail necessary in accomplishing the general object to be effected by a law must be embraced in its title, one of the objects in view in this constitutional provision would be defeated, and all the advantages from having a title to a bill would be lost. And if every subject or legislative purpose to be accomplished by the general object of a bill must be provided for in a separate act, as has been said, "these several statutes, fragmentary as they must necessarily be, would often fail of the intended object from the inherent difficulty in expressing the legislative will when restricted to such narrow bounds.'' (Cool. Const. Lim., 144, and cases cited.)

We think it quite obvious that a title might be framed for this statute which would embrace but one general object, under which the subjects provided for in its different sections would be held legitimate for accomplishing this general object. But as the object of the legislature in enacting the law must be indicated by the title, evidently the court cannot enlarge its scope so as to embrace parts of the statute which are not germane to the object indicated by the title. The title of this statute is " An act to fix the venue in certain cases.'' When the object of the legislature is so

restricted as indicated by this title, can it be said that a provision directing how and upon whom process in such cases shall be served is an end or means for accomplishing the general object expressed in the title, or is so intimately connected and blended with it as that it is legitimately embraced in and expressed by the title? I have no hesitancy myself in saying that it is not. But as other members of the court probably entertain a different opinion, and as it cannot affect our conclusion in regard to the constitutionality of the first section of the statute, as to which we are all agreed, it is unnecessary at the present to decide whether the statute is justly subject to the objection that it embraces more than one object or not.

It is the first section of the statute alone which has any bearing upon the questions in this case. If its object is not expressed in the title, clearly that of the second section of the act is not, and the whole law is unconstitutional. Although the first section provides for a different object from that intended by the second, if the title of the law indicates the object of either section with sufficient certainty, the entire law is not void. So much of the statute as is not indicated by the title is unconstitutional, but the remainder of it, if it can stand and have effect without the part to be discarded, will be upheld and enforced. (Cooley's Const. Lim., 149.)

It is a familiar principle that an act may be unconstitutional and therefore void as to some of its provisions and valid as to others.

It still remains to be seen whether the title of the act indicates the object expressed in its first section. The object indicated by this first section of the act, as we have said, is to fix the venue of suits against public and private corporations, including railroad companies. The title is "to fix the venue in certain suits." If we are to be controlled by a strict and literal construction of the section of the Constitution under consideration, we should be constrained to hold

that the title does not indicate the object expressed in the law. The objection to the title is not that it is too narrow to indicate the object of the act, but that it is too broad and indefinite. It might be interpreted so as to embrace more suits than are provided for in the law, as well as actions of an altogether different character. But in view of the liberality of construction which, as we have said, has always been indulged in applying this section of the Constitution, we think we are warranted in saying that the title of this act sufficiently expresses the object of its first section to justify us in holding it to be constitutional and valid.

It follows, that giving full effect to all that is claimed for the defendant's pleas to the jurisdiction, it must be admitted that they do not negative the fact that the defendant may have an agency or representative in the county of Wood, and consequently liable to be sued in that county. And whether the plaintiff excepted to the plea or not, or whether his replication to it, found in the record, but which it is insisted cannot be considered, because it seems not to have been filed by the clerk, is disregarded or not, it is evident that the issue made by defendant's pleas was an immaterial one. And the verdict did not determine whether the District Court of Wood county had jurisdiction of the case or not.

The defendant insists that the replication to the pleas to the jurisdiction was not filed and was not before the court, and cannot therefore claim that it could be held by any possibility to supply the defect in the pleas, and that the verdict of the jury, finding that the act complained of took place in Gregg county, imports a finding against the plaintiff's replication. No such construction would be given to their verdict, if the issue attempted to be made by plaintiff's replication had been submitted to the jury, which, however, we shall see was not the case. It follows from these views that we must hold that the verdict of the jury on the pleas to the jurisdiction did not warrant a judgment for the defendant, and it must therefore be reversed.

It remains, however, to be considered whether a judgment should be rendered in this court in favor of the plaintiff on the general verdict in his favor on the merits.    If the court had not departed from the usual practice and refused to instruct the jury, as requested, if they found on the pleas in abatement in favor of the defendant, they should inquire no further, a reversal of the judgment would necessarily have required the case to be remanded.    We do not think this departure from the usual practice should call for a different judgment in this court from what otherwise we should have rendered, especially under all the circumstances of this case.

The pleas to the jurisdiction, as we have held, were bad. The plaintiff should have excepted to them instead of making a replication, as he did, if his amended petition was, as he insists, before the court.    He neither excepted nor objected to the action of the court directing the jury merely to inquire whether or not the trespass was committed in the county of Gregg.    It seems to us that, by a common error of the parties and the court, the case went to the jury on the question of jurisdiction on a partial and hence an immaterial issue.    Certainly the action of the plaintiff as well as the court contributed to this result.    The direction given to the case by the court below plainly shows that the defendant had no opportunity to ask a review of the finding of the jury on the merits.    The judgment was in his favor. He seemingly had no occasion for asking the court to set aside the verdict.    If he had, as the plaintiff was making a similar application, the court might and probably would have granted a new trial, the result of which, we may reasonably suppose, would have been a like verdict as that now found, if the case should be submitted to another jury in the same manner as on the present trial.

Under all the circumstances we are of the opinion that the judgment should be reversed and the cause remanded for a new trial; and it is so ordered.

REVERSED AND REMANDED.