the same direction. See Delespine v. Campbell, 52 Tex., 12, and other authorities cited in Salmon v. Downs.

It was attempted in the court below to show that a preference was given by the assignee to the holders of the four notes first transferred, in the instrument by which they were assigned. But the proof shows that the attempt was not successful. Had proof of such fact been made, the case would have presented a different question. It has been held in several instances that the assignor can by express words give the right of priority to his assignee, which will be good against a subsequent purchaser of other notes secured by a contemporaneous lien on the same property, who has notice of such preference. The very fact that this case of express contract for priority is treated as an exception, goes far to establish the general rule to be, that no preference would exist when no such agreement was made. Be this as it may, the rule in our own state is now fully established in the case of Salmon v. Downs, and we are not disposed to disturb it, or the rights which may have grown up under it, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered January 23, 1883.]

---

### JOHN T. STARK v. GEORGE W. WHITMAN.

(Case No. 1498.)

1. PLEA IN ABATEMENT.— A plea in abatement because the defendant is not sued in the county of his residence cannot be sustained unless it negatives the existence of any of the exceptions which, under the statute, would authorize jurisdiction where the suit is brought.

2. CASES APPROVED.— Breen v. T. P. R'y Co., 44 Tex., 302, and H. & T. C. R'y Co. v. Graves, 50 Tex., 200, approved.

3. DUTY OF APPELLANT AS TO TRANSCRIPT.— It is the duty of a party bringing his cause to the supreme court to see that his case was properly presented below, and that the transcript correctly shows this to be so. No presumptions will be indulged in his favor; on the contrary, in doubtful cases, they will be indulged against him.

4. DISQUALIFICATION OF JUDGE — PLEADING.— A defendant set up ore tenus the disqualification of the presiding judge, on account of the alleged interest of the judge's brother in the suit, and took his exception to the action of the court thereon, which recited that "the objection was overruled without hearing any evidence;" the record disclosed on this point nothing further. Held,
    (1) The court cannot presume that evidence was offered to sustain the objection.
    (2) On the contrary, it will be presumed that no evidence was offered.

ERROR from Orange. Tried below before the Hon. W. H. Ford.

In this suit by Stark against Whitman, brought in Orange county, the defendant below interposed his plea of privilege to the jurisdiction, in which he stated very fully, under oath, that he was a citizen of Newton county when the suit was brought, but failed to negative any of the exceptions to the rule which required him to be sued in the county of his residence. The plea was sustained and the suit dismissed. The record discloses that the defendant had also suggested *ore tenus*, that the presiding judge was disqualified "because T. J. Smith and T. W. Ford, the latter a brother of the judge presiding, were the real parties in interest as defendants, and the only parties defendant represented in the court below." The bill of exceptions recites that this objection was, "without hearing any evidence, by the court overruled," but there is nothing to show that evidence to sustain the objection was offered and excluded

*Chambers & Stark*, for plaintiff in error.

No briefs on file for defendant in error.

WILLIE, CHIEF JUSTICE.— We are of opinion that the court below erred in sustaining Whitman's plea of personal privilege and dismissing the cause. It has heretofore been held by this court that such a plea should anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat the plea. Breen *v.* T. P. R. R. Co., 44 Tex., 302; H. & T. C. R. R. Co. *v.* Graves, 50 Tex., 200. The plea filed in this cause merely alleged the residence of defendant to be in the county of Newton, and did not negative the fact that he came within any of the exceptions which would have given the county of Orange jurisdiction of the cause. We think, therefore, that the plea was not good and should not have prevailed.

The action of the judge below in refusing to recuse himself, because of an alleged interest of his brother in the event of the suit, is also assigned for error. If his brother had such interest, and this fact had been brought to the attention of the court by satisfactory evidence, it was his duty to decline sitting in the cause, and his refusal to do so would have been error. The objection was made, and it is stated that it was overruled without hearing evidence. This does not necessarily imply that the court refused to hear evidence, but may as well mean that none was offered. It is the duty of the party bringing the cause to this court to see that his case is properly presented below, and that the transcript cor-

rectly shows this to be the case. No presumptions will be made in his favor; on the contrary, they will be indulged against him in doubtful cases, and hence we must infer that no evidence was offered in the first instance to sustain the objection. The subsequent proceedings do not fully or certainly develop the fact that a relative of the judge was interested in the cause. This may be shown upon a new trial, and the plaintiff in error will be allowed upon such trial to introduce evidence *in limine* as to such disqualification.

For the error of the court in sustaining the plea of personal privilege filed by defendant below, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.