Opinion by
Will-son, J.
§ 108. Certiorari; may he granted pending an appeal; return of writ; grounds for dismissal of writ; plea to jurisdiction of person must allege what; petition for certiorari which showed good cause; amendment of plea in abatement. Appellee sued appellant in justice’s court in Galveston county, for the sum of $200 loaned money, appellee’s claim being made out in the form of an account and verified by his affidavit under article 2266 of the Revised Statutes. Appellant, at the time of the institution of the suit, resided in Kinney county, Texas, and he pleaded under oath his privilege to be sued in the county of his residence. This plea was excepted to, and the exceptions were sustained, whereupon appellant asked leave to amend his plea, which leave the court refused to grant, and gave judgment in favor of the appellee for the full amount of his claim, upon no other evidence than the claim itself, as verified by the affidavit of appellee. This judgment was rendered on the 27th of June, 1882, without the knowledge of appellant or his counsel, the justice on that day having announced to appellant’s counsel that he would take the case under advisement until a future day. On the 29th of June, 1882, after the justice’s term of court had expired, he informed appellant’s counsel that he had rendered the judgment on the 27th, the day of trial, but that if appellant desired to appeal, he would enter notice of such appeal. The justice was informed that appellant desired such notice to be entered, and the .justice did enter the same, but instead of dating the notice on the 27th, the day of the trial, he dated it on the 29th, when the court was not in session and its term had expired. When the appeal was filed in the county court, appellee moved to dismiss it upon the *95 ground that proper notice of appeal had not been given. Appellee afterwards withdrew this motion, but substituted for it a plea that the court had no jurisdiction of the appeal, because no proper legal notice of appeal had been given. On the 25th day of October, 1882, while the appeal was still pending, appellant applied for a certiorari, that being the last day allowed him by law for resorting to that remedy. In his petition for certiorari he sets forth fully and specifically the matters we have briefly stated, and further that he had a meritorious defense to appellee’s cause of action, and did not owe the claim sued upon. On the same day the petition was granted, and the certiorari bond given and approved, and the papers filed with the clerk of the county court. Under the law, the writ was returnable to the next term of the county court, which began on the third Monday in November, 1882. For some cause not explained by the record, the writ did not issue until December 5, 1882, and was made returnable to the. January term, 1883, of the court. At this last named -term of the court, upon motion of appellee, the certiorari was dismissed and a procedendo ordered to issue to the justice to proceed to execute his judgment in the case. From this judgment this appeal is prosecuted.
We are not informed by the record upon which of the several grounds for dismissal presented in the motion to dismiss, or whether upon all of them together, the court based its judgment of dismissal. We must therefore consider and determine each of the grounds set forth in the motion.
The first ground in the motion is substantially that the certiorari could not be granted when the appeal was still pending. We do not think this ground is maintainable. We know of no rule of law that prohibits or prevents a party from resorting at the same time to both the remedies of appeal and certiorari. If he does so, however, in the appellate court he could be compelled to elect which remedy he would rely upon, and the remedy abandoned *96 would be dismissed at his costs. [W. & W. Con. Rep. § 1108.]
The second ground is, substantially, that the writ was not made returnable to the next term of the court after it was granted. It was the duty of the clerk, when the petition, fiat of the judge, and bond were filed with him, to issue the writ of certiorari, returnable to the next term of the county court. [R. S. arts. 301-307.] It was not the duty, or even the privilege, of appellant to issue, or cause to be issued, the writ of certiorari; that was the official duty of the clerk, made imperatively so by the law. There is no rule of law, and certainly no principle of justice, which would deprive appellant of his legal remedy on account of the neglect or refusal of the officer to discharge his duty.
We will further remark, in relation to the above mentioned grounds for dismissal, that we have serious doubts as to whether they are such grounds as can be considered at all under the statute. Article 311 of the Revised Statutes provides that, “At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond.” Can any other cause for dismissal be entertained except those specified ? This question, we think, is well worthy of consideration, but as it is not necessary to determine it in this case, and as we have not had the benefit of the views of counsel upon it, we shall not now decide it.
The third ground of the motion is that the application for certiorari is not verified in accordance with law. No particular defect in the affidavit is pointed out, and upon a careful examination of the same, we fail to perceive wherein it is not in strict compliance with the law.
The fourth and last ground of the motion is, in substance, that the petition presents no sufficient cause entitling him to the writ.
Article 303 of the Revised Statutes provides that, “In order to constitute a sufficient cause, the facts stated *97 must show either that the justice of the peace had not jurisdiction or that injustice was done to the applicant by the final determination of the suit or proceeding, ■and that such injustice was not caused by his own inexcusable neglect.” [W. & W. Con. Rep. §§ 852, 853.]
It does not appear from the petition, or from the plea of appellant to the jurisdiction of the court, that the court had not jurisdiction. The plea was insufficient, and the court did not err in sustaining the general demurrer to it. While the plea sufficiently alleged that appellant’s residence was in Kinney, and not in Galveston county, it failed to anticipate and exclude by its allegations all such supposable matter as would, if alleged on the opposite side, defeat the plea. Such a plea has frequently been held to be insufficient. [Stark v. Whitman, 58 Tex. 375; Breen v. R. R. Co. 44 Tex. 302; R. R. Co. v. Graves, 50 Tex. 200.] This same defect is in the petition for certiorari. It is nowhere alleged in the petition that appellant had not contracted in writing to pay the money sued for in Galveston county.
Does the petition show that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect.
It shows that the judgment was obtained against him, over his objections, without any legal evidence. The appellee’s cause of action was not an account, within the meaning of article 2266 of the Eevised Statutes, and was not admissible in evidence although verified by affidavit. It was not proof of appellee’s canse of action. [Murray et al. v. McCarty, ante, p. 93.]
It is further sufficiently shown, we think, that appellant had a valid and meritorious defense to appellee’s action; that he did not owe the money sued for; that he had paid appellee all he ever owed him. It does not show, however, that appellant availed himself of this defense, or attempted to avail himself of it in the justice’s court, nor is any reason shown why he did not do *98 so. Was it necessary, however, for him to make such showing, when he shows, as he does, that appellee did not prove any cause of action against him hy legal evidence? Was he called upon to make any defense whatever to the action by competent evidence? We do not think that he was. We do not think it can be held to be inexcusable neglect on his part to fail to make proof of his defense until appellee, by his evidence, had established prima facie the cause of action sued upon. We are of the opinion that the petition shows a sufficient cause to entitle appellant to the certiorari, and that the court erred in sustaining the motion to dismiss it, for which error the judgment is reversed and the cause remanded.
February 20, 1884.
We are further of the opinion that the court erred in refusing leave to appellant to amend his plea in abatement to the jurisdiction of the court over his person. There is no prohibition in the law, that we are aware of, that prevents the amendment of such a plea. [R. S. articles 1192, 1575.]
Reversed and remanded.