## T. G. TURMAN ET AL. v. ROBERTSON & HERNDON.

### (No. 2313.)

APPEAL from Smith County.   Opinion by WHITE, P. J.

J. S. HOGG, counsel for appellants.

ROBERTSON & HERNDON, counsel for appellees.

§ 215. *Plea in abatement setting up privilege to be sued in county of residence; rules as to; case stated.*   T. G. & T. J. Turman contracted in writing to pay appellees at Tyler, Smith county, Texas, $300.   T. J. Turman died in 1884.   In 1885 appellees instituted this suit upon said contract against T. G. Turman, the surviving obligor, who resided in said Smith county, and against the heirs of T. J. Turman, deceased, the other obligor, said heirs being John R., T. S., D. W., J. L. and L. B. Turman, residents of Wood county, and Mrs. M. A. Reeves and her husband, residents of Hunt county.   Appellees recovered judgment against all the defendants as prayed for in their petition, and all of said defendants, except T. G. Turman, prosecute this appeal.   All of said defendants except T. G. Turman pleaded in abatement, setting up their privilege to be sued in the county of their residence.   This plea was overruled.   *Held:* The plea in abatement was not sworn to.   If the suit had been against a single defendant, and the petition had shown his residence to be in a county other than that in which the suit was brought, the plea need not have been sworn to.   [Keabadour v. Weir, 20 Tex. 254; Higgins v. Frederick, 32 Tex. 282.]   But a plea alleging that a

defendant is improperly joined with other defendants, and thereby impleaded in the wrong county, must be sworn to, and must be filed before answer to the merits, or it will be stricken out as a nullity. [Taylor v. Hall, 20 Tex. 211.] Again, the plea did not anticipate and exclude all supposable matter as would, if alleged by the opposite party, defeat said plea. [Breen v. R'y Co. 44 Tex. 302; R'y Co. v. Graves, 50 Tex. 200; Stark v. Whitman, 58 Tex. 375; Raleigh & Heidenheimer Bros. v. Cook, 60 Tex. 439.] And again, no action was demanded or had upon said plea at the term at which it was filed, but at said term the cause was continued, by consent. [Peveler v. Peveler, 54 Tex. 53.] There was no error in overruling the plea in abatement, said plea being upon its face insufficient.

§ 216. *Heirs; suit against for debt of ancestor not maintainable, when; insufficient petition in suit against.* Appellees in their petition alleged as a reason for suing the heirs, that they had taken possession, as heirs at law, of the estate of T. J. Turman, deceased, and without administration thereon had appropriated, converted and were using the same, and refused to pay the debts against said estate. Appellants excepted specially to the petition because it did not allege what portion of said estate each of said heirs had received; because it did not allege that appellants were the only creditors of said estate; because it disclosed that four years had not elapsed since the death of the intestate, and showed no reason why administration had not been opened upon said estate; and because it did not negative that administration was pending upon said estate. These exceptions were overruled. *Held:* The general rule is that there must be an executor or administrator representing an estate to enable a creditor to bring a suit to subject the property of a deceased debtor to the payment of his debt. And the necessity for administration must be presumed in every case, unless facts be shown that make it an exception to the general rule. [Green v. Rugely, 23 Tex. 539; Ansley v.

Baker, 14 Tex. 607; Webster v. Willis, 56 Tex. 468.]
Exceptions to the general rule are: 1. Where there
neither is nor can be administration, as from lapse of time
or otherwise. [McCampbell v. Henderson, 50 Tex. 601.]
2. Where there is but one debt against the estate, and
there has been no administration. [2 W. Con. Rep.
§ 376.] 3. Where the estate has been withdrawn from
administration under the provision of the statute. [R. S.
art. 1791.] These are believed to be the principal, if not
the only, exceptions which authorize suit to be brought
against the heirs to recover against them a debt due by
their intestate. None of these exceptions are shown to
exist by the allegations in appellees' petition. On the
contrary, four years had not elapsed since the death of
T. J. Turman, and there is no allegation showing any
reason why administration upon said estate could not,
or should not, have been had. The petition fails to show
a cause of action against the heirs, and the court erred
in not sustaining said special exceptions thereto.

§ 217. *Judgment against heirs; extent of.* But had the
petition shown a good cause of action against the heirs,
the judgment is erroneous, because it is against each heir
individually for the full amount of the debt, interest and
costs, without regard to the portion of said estate which
was received by each heir. [Webster v. Willis, 56 Tex.
469.] " A proceeding against the heir to subject assets in-
herited to the payment of a debt due from the ancestor is
a proceeding *in personam.* To the extent of the property
inherited the heir is liable, but it is error to order the sale
of specific land inherited from the ancestor to satisfy a
judgment rendered in such suit. [Mayes v. Jones, 62
Tex. 365.] The judgment in this case is against the heirs
collectively, for the full amount of appellees' debt, inter-
est and costs. It recites that certain real estate had come
into the possession of said heirs from said estate, and ad-
judges said real estate subject to execution for appellees'
debt.

November 27, 1886.        Reversed and remanded.