**Jay U. KIRKMAN et al., Appellants,**

v.

**CITY OF AMARILLO et al., Appellees.**

No. 8435.

Court of Civil Appeals of Texas, Amarillo.

April 15, 1974.

Rehearing Denied May 13, 1974.

Jay U. Kirkman, Amarillo, for appellants.

J. Bruce Aycock, City Atty. (Fredrick J. Griffin), C. David Fielder, Asst. City Atty., Amarillo, for appellees.

REYNOLDS, Justice.

This delinquent tax suit was brought by plaintiffs City of Amarillo, Amarillo Independent School District, Amarillo Junior College District, and Amarillo Hospital District against various defendants as the record owners of the real property assessed for the taxes alleged to be delinquent, seeking an in rem judgment and foreclosure of their respective tax liens. A petition in intervention was filed by the State of Texas and Potter County asking for the same relief sought by plaintiffs. Following trial before a jury, an in rem judgment was entered decreeing the sums of the delinquent taxes, penalties, interest and costs due the separate taxing entities and ordering foreclosure of their respective tax liens on the tracts of real property described in the judgment. Affirmed.

Defendant Jay U. Kirkman and the defendants for whom he was attorney of record in the trial court have appealed. These defendants initially contend that the trial court erred in overruling their first special exception to the substance of the plaintiffs' cause of action. The contentions embodied in the special exception are the provisions of a written contract executed by the plaintiff taxing entities authorizing the tax assessor-collector of the City of Amarillo to collect all taxes assessed by those taxing units and to require, except as the law may otherwise dictate, the payment of all taxes due all taxing units as a condition precedent to payment of the taxes due any one taxing unit, and the proration of any lesser payment between the signatory entities in proportion to their respective taxes. Although the record evidence is that these defendants neither tendered nor offered to tender payment for any of the taxes alleged to be delinquent, it is nevertheless contended that this contract deprived defendants of their right to discharge one or more tax claims without proration of the payment to all the taxing entities, and that it was palpably injurious to the vested property rights of defendants.

 The trial court correctly overruled the special exception. The cause of action pleaded by plaintiffs was neither predicated upon nor related to the collection procedures established by the contract. It is the office of a special exception to furnish the adverse party a medium by which to force clarification of pleadings when they are not clear nor sufficiently specific. Rule 91, Texas Rules of Civil Procedure; Texas Lime Company v. Hindman, 300 S.W.2d 112 (Tex.Civ.App.—Waco 1957, affirmed 157 Tex. 592, 305 S. W.2d 947 (1957)). The basis of the special exception presented by defendants is not a deficiency in the pleadings, but is instead a concern with a matter totally foreign to, and which was not properly embraceable by, the plaintiffs' pleadings in the lawsuit. The overruling of the special exception as it was drafted was, therefore,

the only ruling the trial court could have justifiably made. The first point of error is overruled.

 Defendants' second point of error is directed to the action of the trial court in refusing to submit their requested special issue no. 1, which reads:

"Do you find from a preponderance of the evidence that the contract between the City of Amarillo, Amarillo Independent School District, Amarillo Hospital District and Amarillo Hospital District (sic) prevents the payment of any taxes due one of the above entities, without the payment due all the other entities?"

The contention made is that the requested issue should have been submitted since it would have answered the factual question of whether the contractual provisions were being enforced by the City of Amarillo tax assessor-collector to the defendants' injury. To the contrary, the requested issue is not designed to elicit that factual determination; instead, the issue inquires as to the general interpretation to be given to the contractual provision. An issue should not be submitted to the jury if it involves the construction of a contract or written instrument, or if it involves the determination of a question of law. Cain v. Tennessee-Louisiana Oil Company, 382 S.W.2d 794 (Tex.Civ.App.—Tyler 1964, affirmed 400 S.W.2d 318 (Tex.1966)). Since the requested issue involved a construction of the contract, the trial court rightly refused to submit it to the jury. Defendants' second point of error is overruled.

 The admission in evidence of certain ordinances and resolutions of the City of Amarillo levying ad valorem taxes is challenged in defendants' third point of error. It is contended that the ordinances and resolutions are void and of no legal effect because they are not in compliance with the City's charter provision which purportedly prohibits passage of an ordinance on the same day it is introduced and requires that all ordinances have a first

and a second reading, or a first and a final reading. The charter provision asserted was never entered in evidence, and the proper predicate upon which the court would have been required to judicially notice the existence of such charter provision was not established. By Vernon's Ann. Civ.St. art. 1174, it is required that the city secretary record the city charter and its amendments in a separate book designated for that purpose. When the charter is so recorded, it is deemed a public act and all courts shall take judicial notice of it. However, according to the construction given Art. 1174, V.A.C.S., in the case of Hayden v. City of Houston, 305 S.W.2d 798 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.), in the absence of a showing that the applicable charter provision of the City of Amarillo was recorded in the required manner, the court is not required to take judicial notice of its existence. Absent the introduction in evidence of the charter or a showing that it was recorded in the manner required, defendants' complaint based on violation of the charter provision is not well taken. The third point is overruled.

Defendants next complain of the admission into evidence of Intervenors' exhibits nos. 1 through 5. These exhibits consist of certified copies of the tax rolls of the State of Texas and Potter County and certain delinquent tax notices.

Intervenors' exhibit no. 1 is a certified copy of the delinquent tax rolls of the State of Texas and County of Potter. Defendants admit that, under Art. 7326, V.A.C.S., all delinquent tax records, or certified copies thereof, shall be admissible as prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants; nevertheless, as we understand defendants' position, the thrust of the complaint is that; since Art. 7326, V.A.C.S., pertains only to the amount of taxes and costs, certified copies of delinquent tax *rolls* are not admissible as prima facie evidence of the regularity of the levy

and assessment of taxes upon the real property.

■ Article 7336(e), V.A.C.S., designates the delinquent tax *rolls* as being included among the delinquent tax records on file in the office of the assessor and collector of taxes. This statute further provides that such rolls shall be prima facie evidence that all requirements of the law have been complied with as to the regularity of listing, assessing and levying all taxes therein set out, and that the amount assessed against said real estate is a true and correct charge. Thus, such delinquent tax rolls are a part of "all delinquent tax records" referred to in, and thereby made admissible in original or certified copy form by, Art. 7326, V.A.C.S., as evidence of the true and correct amount of taxes. Being admissible for that purpose, the rolls are, under Art. 7336(e), V.A.C.S., then prima facie evidence of the regularity of the levy and assessment of the taxes therein shown.

■ Intervenors' exhibits nos. 2 through 5 are various delinquent tax notices covering the real property made the subject matter of the suit. At the time these exhibits were offered into evidence, the only statement made by counsel for the defendants was, "Note our exception." No objection, and more important no specific objection, was made to the receipt of the exhibits; therefore, there was no ruling by the court on an objection to admissibility to which an exception could be taken. Accordingly, defendants waived any error in the admission of the exhibits for the failure to make timely objection to the proffered evidence prevents them from complaining on appeal of the admission of such evidence by the trial court. Cain v. Zurich Insurance Company, 426 S.W.2d 575 (Tex.Civ.App.—Dallas 1968, no writ).

The residuum of the argumentation presented under this fourth point of error is more properly directed to the weight to be given to, rather than to the admissibility

of, the exhibits. The point of error is overruled.

By their fifth point of error, the appealing defendants assert that the trial court erred in denying their motion for continuance founded upon the alleged failure of plaintiffs to serve with proper process defendants Kim Georgia Weingarten and Christopher Kirkman, for whom no appeal was taken. These non-appealing defendants were served by publication pursuant to, and in compliance with the requirements of, Rule 117a3, T.R.C.P., the provisions of which are directed exclusively to service by publication in delinquent tax suits. It is contended that the provisions of Art. 7345b, V.A.C.S., control the issuance of citation by publication in this case. That statute authorized service of notice by publication when allegations of non-residence and unknown address are recited in the petition, which allegations admittedly were not recited in plaintiffs' petition.

Without a determination of the plaintiffs' inferential contention that the appealing defendants are without standing to question the process of service on the non-appealing co-defendants, the appealing defendants' assertion of error is otherwise unavailing.

By the Supreme Court's order dated August 18, 1947, which promulgated rules of procedure, among which was Rule 117a3, T.R.C.P., to become effective December 31, 1947, Art. 7345b, V.A.C.S., was repealed, as of the effective date of those rules, to the extent that the statute conflicted with or covered the same material as the rules. Vol. 1, T.R.C.P., p. LVII. Since plaintiffs complied with the requirements of Rule 117a3, T.R.C.P., which superseded the conflicting provisions of Art. 7345b, V.A.C.S., on which defendants predicated their motion for continuance, the overruling thereof was correct.

One further matter should be noticed. The argument under this point of error also includes a contention of erroneous admission of testimony, adduced during the trial on the merits, of due diligence to effect personal service on the defendants Kim Georgia Weingarten and Christopher Kirkman. The contention of error during trial is not germane to the fifth point of pre-trial error and the alleged error, not being properly brought forward by a pertinent point of error, is waived. Rule 418, T.R.C.P. At most, from a careful review of the record, the alleged error is harmless. Rule 434, T.R.C.P. The last point is overruled.

The arguments advanced under the points of error include diverse contentions not specifically mentioned heretofore. All of the contentions have been examined and, whether considered singularly or collectively, they do not present reversible error.

The judgment of the trial court is affirmed.

ROBINSON, J., not sitting.