Taylor GLASS et al., Appellants,

v.

CITY OF AUSTIN, a Municipal Corporation, Appellee.

No. 12339.

Court of Civil Appeals of Texas, Austin.

Jan. 28, 1976.

**412**

Robert C. (Lou) McCreary, Austin, for appellants.

Don R. Butler, City Atty., Jack Bishop, Asst. City Atty., Austin, for appellee.

O'QUINN, Justice.

Taylor Glass, joined by other taxpayers, brought this suit in November of 1974 as a class action to enjoin the mayor and members of the city council of the City of Austin from paying to themselves and their aides salaries authorized by ordinance of the council passed after the annual budget for the City had been finally approved. Plaintiffs alleged that increase in salaries of the mayor and members of the council and initiation of salaries for council aides after adoption of the annual budget constituted violation of Article 689a–15, V.A.C.S. (Acts 1931, 42nd Leg., p. 339, ch. 206, sec. 16).

Article 689a–15 provides that after adoption of the annual budget, no expenditure of funds of the city may be made except in strict compliance with the adopted budget. The only exception to this prohibition under the statute is in case of grave public necessity, when emergency expenditures may be authorized by amendment to the budget "to meet unusual and unforeseen conditions, which could not, by reasonable diligent thought and attention, have been included in the original budget." Plaintiffs alleged that increased salaries for the governing body and salaries for aides were not valid expenditures to meet grave public necessity, and that by reasonable diligent thought and foresight such expenditures could have been included in the original budget when adopted.

Trial was before the court sitting without a jury, and on motions by both parties for summary judgment, the trial court entered judgment that plaintiffs take nothing by their suit. Plaintiffs have appealed and bring three points of error.

The City on appeal moves to dismiss on the ground that the issues raised by plaintiffs' suit have become moot and may not be considered by an appellate court.

We will sustain appellee's motion, on a finding that the issues are moot, and reverse judgment of the trial court and dismiss the cause.

It is undisputed that expenditures under the annual budget of the City of Austin for 1974–75 have been completed. All warrants issued in payment of the salaries and expenses in dispute for that period have been presented and cashed. No funds remain to be paid out from that portion of the annual budget.

Since the contested disbursements have been completed, plaintiffs' action to restrain illegal expenditure of tax money has become moot, and right of action to recover tax money already spent belongs exclusively to the municipality, not to the taxpayer. *Hoffman v. Davis,* 128 Tex. 503, 100 S.W.2d 94 (Tex.Comm'n App. 1937, opinion adopted); *Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324 (1956); *Rawson v. Brownsboro Independent School District,* 263 S.W.2d 578 (Tex.Civ.App. Dallas 1953, writ ref. n. r. e.); *Hill v. Calvert,* 307 S.W.2d 618 (Tex.Civ.App. Austin 1957, writ ref. n. r. e.); *Hill v. James,* 307 S.W.2d 619 (Tex.Civ.App. Austin 1957, no writ); *Fausett v. King,* 470 S.W.2d 770 (Tex.Civ.App. El Paso 1971, no writ).

The controversy between appellants and the City of Austin has terminated, and in the absence of actual controversy, this Court is without jurisdiction to consider the appeal. *City of W. University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939); *State v. Society for Friendless Children,* 130 Tex. 533, 111 S.W.2d 1075 (1938). When an appeal has become moot, the judgment of the trial court will be set aside and the cause dismissed. *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943); *Texas Foundries, Inc. v. International Moulders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Poole v. Giles,* 151 Tex. 224, 248 S.W.2d 464 (1952).

The judgment of the trial court is reversed, and the cause is ordered dismissed.