James R. BRYCE, Appellant,

v.

**CORPUS CHRISTI AREA CONVENTION AND TOURIST BUREAU, Texas non-profit Corporation, and Bob Conwell, Appellees.**

No. 1322.

Court of Civil Appeals of Texas, Corpus Christi.

May 24, 1978.

Rehearing Denied June 26, 1978.

Second Rehearing Denied Aug. 29, 1978.

David T. Lancaster and Steven P. Amis, Dallas, for petitioner.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for respondent.

Michael W. Williams, Corpus Christi, for appellant.

William R. Anderson, Jr., Sorrell, Anderson & Sorrell, Anthony Pletcher, Maddin, White & Brin, Inc., Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from an order which dismissed plaintiff's cause of action. James R. Bryce, a resident taxpayer of the City of Corpus Christi, Texas, sued Corpus Christi Area Convention and Tourist Bureau, hereinafter called the "Tourist Bureau", and Bob Conwell, its executive vice president, to recover money on behalf of the City of Corpus Christi, which the City donated to the Tourist Bureau pursuant to "a contract or contracts between the City and the Tourist Bureau". Both defendants filed general denials, and the Tourist Bureau filed a motion styled "MOTION TO QUASH PLAINTIFF'S CAUSE OF ACTION IN ITS ENTIRETY". The trial court granted the motion and dismissed the suit. James R. Bryce, plaintiff, has appealed.

In summary, plaintiff alleged: 1) he is a property taxpayer of the City of Corpus Christi pursuant to "Article IX, Section 18, of the City Charter of Corpus Christi, Texas"; 2) tax monies were furnished to the Tourist Bureau by the City of Corpus Christi; 3) some of the monies so furnished were used by the Tourist Bureau for the publication and distribution of two magazines, "The Sparkler" and "The Texas Tropical Coast"; 4) "the ownership of the magazines aforesaid is represented by the de-

fendants to be privately in the defendant Bob Conwell"; 5) Conwell was allowed by the Tourist Bureau to retain for himself all of the profits resulting from the sale of the magazines; and 6) the monies paid by the Tourist Bureau to Conwell constituted a dividend "in direct contravention of Article 1396–2.24, V.A.T.S.". In addition to general relief, plaintiff prayed for: 1) an accounting for all services and income paid from tax monies of the City used by the Tourist Bureau and Conwell for the publication of the magazines; 2) an accounting of all profits generated by advertising in the magazines; and 3) a return of all tax monies to the general fund of the City of all profits derived from the publication and distribution of the magazines.

The Tourist Bureau, in the aforesaid motion, alleged: 1) Article IX, Section 18, of the City Charter does not authorize a suit to be brought by a private citizen "against a contractor with the City of Corpus Christi whereby the only claim by such plaintiff is that such contracting party has made an illegal distribution"; and 2) Bryce "is not such a party who may bring as a private citizen an action against this Defendant under Article 1396–2.24". For those reasons, and those alone, the Tourist Bureau prayed that:

"[P]laintiff's Original Petition in its entirety be quashed for reason that same is brought by a party who has not the capacity or the authority to institute such suit . . . and that on hearing that Plaintiff's petition be abated in its entirety."

The motion, which was sworn to and duly verified, was set down for hearing. Evidence was introduced at the hearing. Bryce, who was called as a witness by the Tourist Bureau, testified that he lived in Corpus Christi, owned property situated within the City, and paid taxes to the City. He also stated that he was not a member of the Tourist Bureau. He further testified that he did not have any complaint about the contracts which existed between the City and the Tourist Bureau, and that he filed this suit to recover money which was illegally spent by the Bureau.

Article IX, Section 18, of the City Charter was not introduced in evidence at the hearing. No evidence was offered at the hearing relating to whether the monies sued for were or were not dividends which were distributed to the members, directors or officers of the Tourist Bureau in contravention of Article 1396–2.24.

The aforesaid hearing was held on September 13, 1977. The trial judge granted the motion and dismissed the suit per written order, which was signed on October 13, 1977. The order of dismissal is couched in general terms, without indicating the basis for the ruling.

The City of Corpus Christi is not a party to this suit. There is no showing that the City authorized Bryce to file this suit. The allegation "James Bryce brings this action as a property taxpayer" of the City of Corpus Christi, and the allegation that Bryce sues to recover tax monies of the City illegally spent for the general fund of the City do not make the City a party to the action brought by Bryce. This suit is a controversy solely between Bryce, the Tourist Bureau and Conwell.

■ We know of no rule which permits the dismissal of a lawsuit in its entirety in response to a motion "to quash plaintiff's cause of action". However, the name by which a motion is designated does not determine its character, and we attach no controlling effect to the styling of the Tourist Bureau's motion in this case. We look to the substance of the motion.

■ The Tourist Bureau, during oral argument, argued that the motion, in effect, is a plea in abatement and that the trial court properly sustained the plea and dismissed the suit. Whether the motion is, in essence, a plea in abatement is determined by the substance of the motion, and the effect which will be accomplished if it is granted. *Smith v. City of Dallas*, 404 S.W.2d 839 (Tex.Civ.App.—Dallas 1966, no writ); *Armstrong v. Snapp*, 186 S.W.2d 380 (Tex.Civ.App.—Fort Worth 1945, no writ).

■ Generally speaking, the sustaining of a plea in abatement defeats the pending action but does not bar a revival of the action or a future action on the same cause. So, matters which merely postpone the enforcement of a right alleged in the petition are necessarily in abatement. The matter is decided, not by the form in which it is raised, but by its substance. 1 Am.Jur.2d, Abatement, Survival and Revival, § 2; 1 Tex.Jur.2d, Abatement and Revival, § 4.

■ A plea in abatement should not only show the grounds upon which the suit is improperly brought, but should also show how it should have been brought, and should always state facts, not conclusions of law. *State v. Goodnight*, 70 Tex. 682, 11 S.W. 119 (1888). When such a plea is sustained, the suit should not be dismissed until the plaintiff has been given a reasonable opportunity to amend, if it is possible to do so, and thereby remove the obstacle which defeated the suit initially filed. Even if the case is dismissed, it is revived upon the removal of such obstacle which prevented its further prosecution in the first instance. *Life Ass'n of America v. Goode*, 71 Tex. 90, 8 S.W. 639 (1888); *Humphrey v. National Fire Ins. Co.*, 231 S.W. 750 (Tex.Com.App.1921, opinion adopted). The sufficiency of the plea must be tested by its own allegations, and cannot be assisted by allegations in any other plea. *Breen v. Texas and Pacific Railway Company*, 44 Tex. 302 (1875); 1 Tex.Jur.2d, Abatement and Revival, § 71.

The result of sustaining a plea in abatement was pointed out in *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex.Sup.1967), by Chief Justice Calvert, who, speaking for the Court, said:

". . . [a] plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed . . ."

It was observed by Justice Garwood in *Kelly v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 214–215 (1958):

". . . [T]he practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged."

■ In the case at bar, the motion cannot be considered as a plea in abatement because the action has been improperly brought in some respect that does not go to the merits of the cause of action. There are no allegations of fact set out therein. The assertions that Article IX, Section 18, of the City Charter does not authorize the bringing of the suit by Bryce, and that he is not authorized to bring such a suit under the referenced statute are conclusions, not allegations of fact. The further assertion that the petition should be "quashed" because Bryce did not have the "capacity" or "authority" to institute the suit is also a conclusion. The motion, when tested solely by the allegations contained therein, is insufficient as a plea in abatement.

■ The motion cannot be treated as a motion for summary judgment, nor can it be considered as a plea in bar. In either of those instances, the only judgment which could be rendered in the event the motion or plea was sustained would be a take nothing judgment. Here, the judgment was of dismissal.

■ Under the circumstances, for the reasons stated and under the foregoing authorities, it was reversible error to render a judgment of dismissal with respect to the suit filed by Bryce against the two defendants, the Tourist Bureau and Conwell. Moreover, a reversal of the judgment insofar as it dismissed the suit against the Tourist Bureau would also require a reversal of the judgment insofar as it dismissed the suit against Conwell. Bryce has alleged that the City's tax monies were donated by the City to the Tourist Bureau, who illegally paid such monies to Conwell; that the latter illegally received them; and that the two illegally spent the same. In that state of the pleadings, the action asserted is so interrelated and interwoven with respect to the acts of the Tourist Bureau and Conwell that it is impossible to sever the action and proceed independently as to each, so that all

issues should be resolved in one suit against both defendants. We believe that the judgment as to its entirety should be reversed and the cause as to both defendants be remanded in the interest of justice. Rule 434, T.R.C.P.

Since the judgment of the trial court will be reversed and the cause remanded, we observe that the law is well settled that a taxpayer of a city does not have standing to bring suit to recover public funds of the city already illegally expended by the city. *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956); *Hoffman v. Davis*, 128 Tex. 503, 100 S.W.2d 94 (Tex. Comm'n App.1937, opinion adopted); *First National Bank of Bellaire v. Prudential Insurance Co. of America*, 551 S.W.2d 112 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd, n.r.e.); *Glass v. City of Austin*, 533 S.W.2d 411 (Tex.Civ.App.—Austin 1976, no writ). The right to institute such suit belongs exclusively to the municipality. *Scott v. Graham*, supra; *Glass v. City of Austin*, supra. We further observe that it has been held proper to grant a motion for summary judgment in favor of the defendants where a taxpayer of a city files suit to recover public monies allegedly illegally spent solely on the ground that the plaintiff did not have standing to sue. See *First National Bank of Bellaire v. Prudential Insurance Co. of America*, supra.

The judgment of the trial court is REVERSED and the cause is REMANDED.

## OPINION ON MOTION FOR REHEARING

The Corpus Christi Area Convention and Tourist Bureau (Tourist Bureau) has filed a vigorous motion for rehearing in this case. The main thrust of the motion is that its "MOTION TO QUASH PLAINTIFF'S CAUSE OF ACTION IN ITS ENTIRETY", since no exceptions were levelled at the conclusions alleged therein, was sufficient to serve as a plea in abatement; and, further, the evidence presented was sufficient to sustain the plea.

Plaintiff Bryce alleged in his original petition:

"James R. Bryce brings this action as a property taxpayer pursuant to Article IX, Section 18, of the City Charter of Corpus Christi, Texas, to recover all monies illegally and without authorization paid by the defendant Corpus Christi Area Convention and Tourist Bureau to its officer, defendant Bob Conwell, from tax monies furnished to said Corpus Christi Area Convention and Tourist Bureau by the City of Corpus Christi pursuant to a contract or contracts between the City and the said Tourist Bureau . . . ."

The Tourist Bureau, in its said motion, alleged:

"Article 9, Section 18 does not authorize a suit to be brought by a private citizen against a contractor whereby the only claim by such Plaintiff is that such contracting party has made an illegal distribution . . . ."

Despite the Tourist Bureau's contentions that no special exceptions were filed with respect to its motion, Bryce did challenge all allegations therein in a pleading denominated "PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH ACTION IN ITS ENTIRETY", wherein the asserted provision of Article IX, Section 18 of the Corpus Christi City Charter is quoted, as follows:

"[I]n case any . . . illegal, unauthorized or fraudulent bills, claims or demand, or any such salary or compensation shall have been paid (a) citizen may maintain an action in the name of said city against the officer making such payment and the party receiving the same, or either, or both, to recover the amount so paid . . . ."

The allegations contained in the motion and in the response thereto do not constitute evidence. They do, however, put the authority of Bryce to bring the suit under the authority of the Charter in issue.

The City of Corpus Christi is not a party to the suit, and Bryce is not attempting to recover money that was illegally expended by the City itself. He brings the action in *behalf* of the City to recover monies which

he alleges were illegally expended by the Tourist Bureau. Our observations in the original opinion apply solely to cases where the City itself has illegally expended public funds. Here, a recovery is sought, not against the City, but against the Tourist Bureau and Conwell on two grounds: 1) an alleged violation by the defendant Tourist Bureau of Tex.Rev.Civ.Stat.Ann. art. 1396–2.24; and 2) pursuant to the provisions of Article IX, Section 18, of City of Corpus Christi Charter. Assuming, arguendo, that Bryce is not such a party who may bring this suit under the aforesaid statute, the burden was on the Tourist Bureau, in order to sustain its motion, to prove that the suit brought by Bryce was not authorized by Article IX, Section 18 of the Charter. This, it did not do. As noted in the original opinion, the relevant portion of the Charter was not introduced in evidence at the hearing on the motion. The record does not show that the Charter of the City of Corpus Christi, including Article IX, Section 18 thereof, has been recorded or certified in the manner required by Tex.Rev.Civ.Stat. Ann. arts. 1165 and 1174, respectively. Consequently, neither the trial court (nor this Court) could take judicial notice of Article IX, Section 18 of the Charter. See *Kirkman v. City of Amarillo*, 508 S.W.2d 933 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Hayden v. City of Houston*, 305 S.W.2d 798 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). Under the record here presented, since the relevant provision of the Charter was not introduced in evidence and as the trial court was not authorized to take judicial notice of Article IX, Section 18 of the Charter, no basis existed for an abatement of the action.

The motion for rehearing is OVERRULED.