Robert L. JONES, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, et al., Appellees.

No. 08–86–00109–CV.

Court of Appeals of Texas, El Paso.

April 22, 1987.

On Rehearing June 17, 1987.

Rehearing Denied July 22, 1987.

Jerry Severson, El Paso, for appellant.

Timothy Tunks, Edwards, Belk, Hunter & Kerr, Paul W. Dudley, Dudley, Dudley, Collins & Windle, El Paso, for appellees.

Before OSBORN, C.J. and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

The Plaintiff sued Defendants, Henry E. Medford, III and El Paso Litho Plate Co., Inc., for personal injuries resulting from an automobile accident on August 25, 1982. Liberty Mutual Insurance Company intervened to recover monies advanced as a carrier of workers' compensation insurance for benefits and medical expenses of the Plaintiff that were caused by the accident. Plaintiff was awarded judgment against the Defendants for an amount in excess of compensation benefits and medical expenses. The only point of error remaining after an amended judgment before us is whether under the trial court's judgment the carrier is entitled to the prejudgment interest paid by the third-party Defendant on the sums it had advanced for the Plaintiff. We affirm.

Article 8307, sec. 6a, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1987), allows the insurance carrier to be reimbursed from the amount recovered by Plaintiff from Defendant for past due benefits and medical expenses. The statute specifically provides for subrogation as a means to accomplish this end with no mention of prejudgment interest. Plaintiff's position is that although the carrier was out the money by paying the bills and benefits when due, the Plaintiff should be entitled to the interest on that money from the Defendant.

The statute should be construed in the light of common law. Subrogation is an equitable doctrine which has traditionally given the subrogee indemnity, including interest. Prejudgment interest has been defined and prescribed in *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985).

Plaintiff further contends that the carrier should be denied prejudgment interest, as there was no pleading for same. The Plaintiff had pled for prejudgment interest and the carrier expressly adopted the Plaintiff's pleading in its plea of intervention. Although the carrier did not specifically include the matter in its prayer, it did pray for general relief. There was no special exception filed. The point of error is overruled and the trial court's judgment is affirmed.

## OPINION ON MOTION FOR REHEARING

The opinion on motion for rehearing of June 10, 1987, is hereby withdrawn and the following is substituted.

This Plaintiff and Carrier on motion for rehearing asked for clarification of the method of awarding prejudgment interest. The Plaintiff obtained judgment on January 31, 1986, against the Defendant for $439,184.00. This judgment calculated prejudgment interest on accrued damages, as opposed to future damages, at $19,053.00 on that date. The trial court awarded the Carrier $35,911.00 as the amount it had advanced for the Plaintiff's worker's compensation and medical expenses up to the time of trial.

■ The Carrier will receive

$$\frac{35,911}{55,964}$$

of the $19,053.00 prejudgment interest amount. The $55,964.00 figure is the amount the jury awarded the Plaintiff for damages that had accrued at the time of trial. The $19,053.00 is the amount of prejudgment interest awarded in the judgment of January 31, 1986, from which sum no error was alleged originally or in the motions for rehearing.

■ Plaintiff's attorney was awarded as fees a percentage of compensation and medical benefits paid by the Carrier, plus a sum determined by the Court to be the amount of indemnification for future worker's compensation and medical bills as provided for in *Chambers v. Texas Employers Insurance Association*, 693 S.W.2d 648 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). This amount did not include any fee from prejudgment interest, and he now complains. However, this was not made a point of error in his appellate brief and is thereby waived. Former Rule 418d, Tex.R. Civ.P. (Vernon 1974), and present Rule 74(d), Tex.R.App.P.; *Kirkman v. City of Amarillo*, 508 S.W.2d 933 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.