Robert L. JONES, Petitioner,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

No. C–6723.

Supreme Court of Texas.

March 2, 1988.

Jerry Severson, El Paso, for petitioner.

Timothy Tunks and Antonio Martinez, Jr., (Edwards, Belk, Hunter & Kerr), El Paso, for respondent.

SPEARS, Justice.

This case presents the question of whether a workers' compensation carrier is entitled to receive prejudgment interest when the carrier sues for reimbursement of compensation benefits and medical expenses paid to an injured employee. Petitioner Robert L. Jones was injured in an automobile accident while working as a mechanic for Serv–Air, Inc. Respondent Liberty Mutual Insurance Company, which provided workers' compensation insurance for Serv–Air, Inc., paid Jones compensation benefits and medical expenses. Jones later sued various third parties for injuries resulting from the accident, and Liberty Mutual intervened to recover the sums previously advanced to Jones. The trial court awarded Jones damages and prejudgment interest against the third parties and then rendered judgment that Liberty Mutual recover the proportionate amount of prejudgment interest attributable to the reimbursement. The court of appeals affirmed the judgment of the trial court. 733 S.W.2d 249. We reverse the judgment of the court of appeals and render judgment in favor of Jones.

A compensation carrier's right to subrogation is governed by Tex.Rev.Civ.Stat. Ann. art. 8307, § 6a (Vernon Supp.1988), which provides:

(a) ... If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.

....

(c) If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act.

Section 6a explicitly provides that the workers' compensation carrier may recover only: (1) past compensation benefits paid; (2) medical expenses paid; and (3) attorneys' fees. There is no provision for the recovery of prejudgment interest. The statute further provides that "the excess [over the above items] *shall be paid to the injured employee*" and *"any amount in excess of past benefits and medical expenses* shall be treated as an advance against future benefit payments of compensation to which *the beneficiary* is entitled to receive under the Act." *Id.* (emphasis added).

Liberty Mutual contends that despite the clear language of section 6a, the equitable considerations relied upon in *Cavnar v.* *Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985), also require that a workers' compensation carrier recover prejudgment interest. In *Standard Fire Insurance Co. v. Morgan,* 745 S.W.2d 310 (Tex.1987), this court denied a workers' compensation claimant the right to recover prejudgment interest on unpaid medical expenses. In so holding, we recognized that "[u]nlike the Wrongful Death Act discussed in *Cavnar,* [696 S.W.2d 549], the Legislature has enacted an exact compensation scheme within the Workers' Compensation Act." *Id.* at 313. Because the compensation scheme does not specifically include recovery for prejudgment interest, we held in *Morgan* that such interest is not recoverable.

■ A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute. *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984); *Brazos River Authority v. City of Graham,* 163 Tex. 167, 182, 354 S.W.2d 99, 109 (1961); *Gilmore v. Waples,* 108 Tex. 167, 171, 188 S.W. 1037, 1039 (1916). "Only when it is necessary to give effect to the clear legislative intent can we insert additional words into a statutory provision." *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 552 (Tex.1981). There is no indication in section 6a that the Legislature intended the carrier to receive prejudgment interest.

■ Furthermore, the workers' compensation statute has traditionally been liberally construed to award the injured employee the greatest benefits the nature of his injuries warrant. *Hargrove v. Trinity Universal Insurance Co.,* 152 Tex. 243, 246, 256 S.W.2d 73, 75 (1953). "If there be any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation, it should be resolved in favor of such right." *Navarette v. Temple Independent School District,* 706 S.W.2d 308, 310 (Tex.1986). This rule has particular force when applied to the technical and procedural provisions of the statute. *Pacific Indemnity Co. v. Woo-*

*dall*, 253 S.W.2d 490, 493 (Tex.Civ.App.—Fort Worth 1952, writ ref'd).

█ We hold that a workers' compensation carrier may not recover prejudgment interest under article 8307, § 6a. To hold otherwise would violate well-established rules of statutory construction and frustrate the legislative purpose underlying the statute.

Accordingly, we reverse the court of appeals' judgment and render judgment that Liberty Mutual is not entitled to prejudgment interest on the compensation benefits paid Jones and the medical expenses advanced on Jones' behalf.