HERMANN HOSPITAL, Appellant,

v.

Linda L. VARDEMAN, et al., Appellees.

No. 01–88–00517–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1989.

---

Gail Magers, Sullins, Johnston, Rohrbach & Magers, Houston, for appellant.

Buddy W. Gregory, Gregory & Johnson, P.C., Houston, for appellees.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

---

## OPINION

EVANS, Chief Justice.

The issue on this appeal is whether a health care provider, which, as intervenor, recovered a judgment enforcing its hospital lien on the proceeds of a personal injury settlement, may also, as intervenor, recover a judgment against the defendants for prejudgment interest and attorney's fees out of the settlement proceeds.

In April 1981, the plaintiff's husband was fatally injured when a forklift on which he was working collapsed. Hermann Hospital provided medical services following the accident. The plaintiff, as community survivor and as next friend of her four minor children, brought a wrongful death action against a number of named defendants. Hermann Hospital intervened in the suit, asserting its hospital lien under Tex.Prop. Code Ann. sec. 55.002 (Vernon 1984) for medical services in the amount of $24,-400.62. The hospital also asked for prejudgment interest and attorney's fees.

Five years later, the plaintiffs and defendants settled the suit for $1,150,000. At the settlement hearing, all parties approved payment of the hospital's claim for medical services, but all parties opposed the intervenor's claim for prejudgment interest and attorney's fees. The intervenor refused to approve the settlement, demanding an additional amount in prejudgment interest, plus $7,500 in attorney's fees. The case proceeded to trial to litigate only the intervenor's claim for interest and attorney's fees. In that non-jury proceeding, the parties stipulated that the plaintiffs and defendants had settled all other issues, and that the hospital bill of $24,400 was reasonable and necessary. At trial, the intervenor introduced evidence of reasonable and necessary attorney's fees. Following the trial, the court entered judgment awarding the intervenor the amount of its outstanding bill, but denied it prejudgment interest and attorney's fees. The intervenor did not file a motion for new trial, but brought this appeal, asserting six points of error.

In its first point of error, the intervenor complains the trial court erred in refusing to award it judgment against the defendants for prejudgment interest on its claim for services rendered.

The hospital lien statute does not provide for prejudgment interest. Section 55.004 of the Texas Property Code, entitled "Amount of Lien," provides only:

(a) The lien is for the amount of the hospital's charges for services provided to the injured individual during the first 100 days of the injured individual's hospitalization. . . .

The intervenor contends, however, that it is entitled to recover prejudgment interest under the rationale of *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). There, the Texas Supreme Court abolished the distinction between interest eo nomine and interest as damages, and held that prejudgment interest is recoverable regardless of whether it is characterized as interest or damages. The court reasoned, relying on equitable considerations, that compensation for detention of sums due on account of injury inflicted is an element of damages necessary to the complete indemnity to the injured party. Thus, the court concluded that, whether damages are liquidated or unliquidated, the injured party should be entitled to interest for the delay in obtaining the damage award. Accordingly, the court held, as a matter of law, that a prevailing plaintiff may recover prejudgment interest compounded daily in damages that have accrued by the time of judgment. *Id.* at 553–54. The intervenor argues that because *Cavnar* was a wrongful death case, its ruling is controlling in this case.

The appellees argue that *Cavnar* does not apply to the facts of this case, because here the parties settled their claim before a trial on the merits. The appellees also point to the fact that the hospital was not a plaintiff in this case, and argue that its claim, as intervenor, does not entitle it to recover prejudgment interest under the rationale of *Cavnar*. The appellees further argue that an intervenor may not recover prejudgment interest, citing the Texas Supreme Court opinion in *Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901 (Tex.1988).

In *Jones*, the workers' compensation carrier paid the claimant compensation benefits and medical expenses, and the claimant later sued various third parties for injuries resulting from the accident. The insurance company intervened, seeking to recover sums previously advanced to the claimant, and also sought a proportionate amount of prejudgment interest attributable to the reimbursement. The supreme court denied the intervenor's claim to prejudgment interest, basing its decision on the express language of the Workers' Compensation Act, which specifically provided that any excess award "shall be paid to the injured employee." Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (Vernon Supp.1989).

We doubt the *Jones* decision has application here, but we conclude that the trial court correctly held that the intervenor was not entitled to prejudgment interest. Although the plaintiff's suit against the defendants is a wrongful death action, the intervenor's action is simply one brought pursuant to the hospital lien statute to enforce its hospital lien on the settlement proceeds. We therefore decide that the *Cavnar* rationale does not apply to the intervenor's action, which is based strictly on the hospital lien statute. We accordingly overrule the hospital's first point of error.

In its second point of error, the intervenor complains that the trial court erred, as a matter of law, in refusing to award it reasonable attorney's fees. As we have noted, the hospital lien statute does not authorize an award of attorney's fees. The intervenor contends, however, that it is entitled to recover reasonable and necessary attorney's fees under Tex.Civ. Prac. & Rem.Code Ann. sec. 38.001 (Vernon 1986) because it had a valid claim for services rendered, or labor performed, or that payment was due under an oral or written contract.

To recover attorney's fees under section 38.002: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to an opposing party or to a duly appointed agent of the opposing party; (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after that claim is presented. Tex.Civ.Prac. & Rem. Code Ann. sec. 38.002 (Vernon 1986).

The appellees correctly point out that the intervenor's petition asserts a claim only against the defendants in the suit, and makes no claim against the plaintiffs. The appellees argue, therefore, that the only valid claim asserted by intervenor against the appellee defendants is pursuant to the hospital lien statute, and that the intervenor has no valid claim against the appellee defendants for services rendered, or labor performed or because of any oral or written contract. We agree. The sole basis for the intervention is the hospital lien statute, which clearly does not provide for the recovery of attorney's fees for enforcement of the lien.

We overrule the second point of error.

In view of our disposition of the first two points of error, we need not address the third and fourth points of error, in which the intervenor argues that the trial court erred in finding this to be a wrongful death case. Because of our conclusions with respect to the first two points of error, the court's ruling, if error, is unimportant to the disposition of the case.

For the same reason, we need not consider the intervenor's fifth point of error, in which it argues the trial court erred in holding that it had not filed a claim against the plaintiff. Neither need we consider the hospital's sixth point of error, contending that the trial court erred in failing to award attorney's fees for the appeal of the case.

The judgment of the trial court is affirmed.