OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

January 12, 2001

The Honorable Scott W. Rosekrans
San Jacinto County Criminal District Attorney
P.O. Box 430
Coldspring, Texas 77331

Opinion No. JC-0330

Re: Whether the wife of the chairman of the San Jacinto County Republican Party is prohibited from serving as a judge on the Early Voting Ballot Board (RQ-0276-JC)

Dear Mr. Rosekrans:

You have asked this office whether, pursuant to section 32.054 of the Election Code, the wife of the chairman of the San Jacinto County Republican Party is prohibited from serving as a judge on the Early Voting Ballot Board ("the board"). We conclude, as has the Elections Division of the Office of the Secretary of State, that she is not.

As you explain the situation which prompts your request, Marcella Shaw, wife of William Shaw, chairman of the San Jacinto County Republican Party, has been appointed as a judge of the Early Voting Ballot Board.[1] Mr. Shaw has no electoral opposition for his office.[2] Your office takes the view that because Mrs. Shaw is related within the second degree of consanguinity or affinity to the chairman of a political party, she is barred by section 32.054 of the Election Code from serving as a judge on the board. While an attorney for the Elections Division ("the division") of the Secretary of State's office had, as you inform us, agreed with your view in a telephone conversation, see Request Letter, note 1, at 1-2, the division has taken the contrary view in writing, both in a letter to your office and in a brief submitted to this office. See McGeehan Letter of 3/7/00, note 2, at 1.[3]

---

[1]See Letter from the Office of Honorable Scott W. Rosekrans, San Jacinto County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 24, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]See Letter from Ann McGeehan, Director of Elections, Office of the Secretary of State, to Robert S. Duboise, San Jacinto County Assistant Criminal District Attorney (Mar. 7, 2000) (on file with Opinion Committee) [hereinafter McGeehan Letter of 3/7/00].

[3]See also Brief from Ann McGeehan, Director of Elections, Office of the Secretary of State, to Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General (Oct. 6, 2000) (on file with Opinion Committee) [hereinafter McGeehan Brief of 10/6/00].

The Election Code section in question reads, in relevant part:

> A person is ineligible to serve as an election judge or clerk in an election if the person is employed by or related within the second degree by consanguinity or affinity, as determined under Chapter 573, Government Code, to an opposed candidate for a public office or the party office of county chair in the election.
>
> . . . .

TEX. ELEC. CODE ANN. § 32.054(a) (Vernon Supp. 2000). An "election judge" for this purpose would include a judge of the Early Voting Ballot Board. *See id.* § 87.002; *see also* McGeehan Letter of 3/7/00, *supra* note 2, at 1.

In your view, as we understand it, a person is disqualified from service as an election judge if he or she is either employed by, or related within the prohibited degree to: "(1) an opposed candidate for public office; or (2) the party office of county chair." Request Letter, *supra* note 1, at 4.

The division, on the other hand, reads the prohibition to apply to "an opposed candidate" for either: (a) public office, or (b) the party office of county chair. *See* McGeehan Brief of 10/6/00, *supra* note 3, at 2-3. "It has been the consistent interpretation of the Office of the Secretary of State that 'opposed' applies to both phrases." *Id.* at 3.

We note at the outset that the Secretary of State is Texas's chief election officer. *See* TEX. ELEC. CODE ANN. § 31.001(a) (Vernon Supp. 2000). As such, the Secretary is empowered to "assist and advise all election authorities with regard to the application, operation, and interpretation of [the Election Code] and of the election laws outside this code." *Id.* § 31.004(a) (Vernon 1986). Accordingly, so long as the Secretary of State's interpretation of an Election Code provision is a reasonable one that does not do violence to the statutory language, this office will defer to it. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute."); *Rylander v. B&A Mktg. Co.*, 997 S.W.2d 326, 331 (Tex. App.–Austin 1999, no pet.); Tex. Att'y Gen. Op. Nos. JC-164 (1999) at 5-6; JC-117 (1999) at 6.

In this instance, the interpretation offered by the Elections Division is a reasonable one. The parallel phrases "a public office" and "the party office of county chair" would both, in the division's reading, refer back to "an opposed candidate." Grammar and sense in that instance are not offended. In the interpretation offered by your office, on the other hand, some phrase like "the person holding the party office" must be supplied because one cannot be employed by or related in the prohibited degree to "the party office of county chair." *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904

S.W.2d 656, 659 (Tex. 1995) (additional words should not be read into statute unless clearly necessary to give effect to legislative intent); *Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988).

Nor are we persuaded by your argument that the Secretary of State's reading renders the provision surplusage in the context of a general election because by that point, the parties will have chosen their county chairs. Early voting occurs in both primary and general elections. The relatives of opposed candidates for the office of county chair may not serve on the board during those elections in which their relatives have opposition. The legislature might have distinguished primary and general elections in this context more explicitly had it wished, but the fact that it did not wish to do so does not alter the statute's meaning or render it meaningless.

Because the interpretation of the language of section 32.054 of the Election Code offered by the Office of the Secretary of State is reasonable and does not contradict the statutory language, we defer to it. The wife of the chairman of the San Jacinto County Republican Party, the chairman not being an opposed candidate for that office, is not prohibited by section 32.054 of the Election Code from serving as a judge on the Early Voting Ballot Board.

## SUMMARY

The wife of the chairman of the San Jacinto County Republican Party, the chairman not being an opposed candidate for that office, is not prohibited by section 32.054 of the Election Code from serving as a judge on the Early Voting Ballot Board.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee