![Seal of Texas]

June 14, 2010

The Honorable Byron Cook
Chair, Committee on Environmental Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0781

Re: Whether a water supply corporation has the option of refusing to extend service under sections 13.2501 and 13.2502, Water Code (RQ-0850-GA)

Dear Representative Cook:

You ask whether a water supply corporation that "receives a request for water service in a situation as described in 13.2502(a)" of the Water Code has discretion to provide water service to the applicant or, alternatively, "is prohibited from providing water service."[1]

A water supply corporation is defined for purposes of chapter 13 of the Water Code as "a nonprofit corporation organized and operating under Chapter 67 [of the Water Code] that provides potable water service . . . for compensation and that has adopted and is operating in accordance with by-laws or articles of incorporation which ensure that it is member-owned and member-controlled." TEX. WATER CODE ANN. § 13.002(24) (Vernon 2008). Section 13.250 of the Water Code mandates that "[e]xcept as provided by this section or Section 13.2501 of this code, any retail public utility that possesses or is required to possess a certificate of public convenience and necessity shall serve every consumer within its certified area and shall render continuous and adequate service within the area or areas."[2] Id. § 13.250(a).

Section 13.250 includes certain exceptions to the general duty to serve all consumers within the certified area, including the authority to "discontinue, reduce, or impair service" for nonpayment of certain charges, for nonuse, or for "other similar reasons in the usual course of business." Id. § 13.250(b). In addition, section 13.2501 of the Water Code requires that "[t]he holder of a certificate of public convenience and necessity shall refuse to serve a customer within its certified area if the

---

[1]Request Letter (available at http://www.texasattorneygeneral.gov).

[2]Section 13.250 specifically applies to a "retail public utility;" however, that term is defined to include a "water supply or sewer service corporation . . . operating, maintaining, or controlling in this state facilities for providing potable water service or sewer service, or both, for compensation." TEX. WATER CODE ANN. § 13.002(19) (Vernon 2008).

holder of the certificate is prohibited from providing the service under Section 212.012 or 232.0047, Local Government Code." *Id.* § 13.2501.[3]

Along with the exceptions found in sections 13.250 and 13.2501, section 13.2502 creates an additional exception to the duty to serve all consumers within the certified area:

> Notwithstanding Section 13.250, a water supply . . . corporation . . . is not required to extend retail water . . . service within the certificated area of the corporation . . . to a service applicant in a subdivision if the corporation or special utility district documents that:
>
> (1) the developer of the subdivision has failed to comply with the subdivision service extension policy of the corporation . . . as set forth in the tariff of the corporation . . . ; and
>
> (2) the service applicant purchased the property after the corporation . . . gave notice as provided by this section of the rules of the corporation . . . applicable to service to subdivisions from the corporation . . . .

*Id.* § 13.2502(a); *see also* 30 TEX. ADMIN. CODE § 291.85(e) (2009) (Tex. Comm'n on Envtl. Quality, Response to Requests for Service by a Retail Public Utility Within Its Certified Area) (allowing the same exception by administrative rule); Tex. Att'y Gen. LO-96-035, at 4 (explaining that the language "[n]otwithstanding any other provision" used in a constitutional provision created an exception to what was otherwise the rule of law). You ask whether the phrase "not required to extend . . . service" in subsection 13.2502(a) means that the water supply corporation "(1) may or may not, at its option, provide water service to the applicant, or (2) is prohibited from providing water service as with the wording in section 13.2501, 'shall refuse to serve[.]'" Request Letter.

"In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language." *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 867 (Tex. 2009) (quoting TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005)). If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning. *Id.* Section 13.2502 states that a water supply corporation *"is not required* to extend retail

---

[3]Section 212.012 of the Local Government Code prohibits a water supply corporation, among other entities, from serving or connecting any land with water, sewer, electricity, gas, or other utility service unless the water supply corporation has been presented with or otherwise holds a certificate issued under section 212.0115, certifying compliance with plat requirements of the municipality. TEX. LOC. GOV'T CODE ANN. §§ 212.0115, .012(a), (b)(4) (Vernon Supp. 2009). Section 232.0047 of the Local Government Code was repealed in 1995. Act of May 28, 1995, 74th Leg., R.S., ch. 979, § 29, 1995 Tex. Gen. Laws 4895, 4911.

water . . . service" when the conditions in subsections (1) and (2) of that provision exist. TEX. WATER CODE ANN. § 13.2502(a) (Vernon 2008) (emphasis added). By using the language "is not required," the Legislature has given water supply corporations discretion under these circumstances. Thus, under a plain-language construction of the statute, a water supply corporation has discretion as to whether to serve specific applicants that fall within the limited conditions of subsection 13.2502(a). In other words, the requirement found in section 13.250 of the Water Code requiring a water supply corporation to "serve every consumer within its certified area" is not mandatory with regard to those applicants.

Although a water supply corporation is not required to serve applicants falling under the subsection 13.2502(a) exception, nothing in the plain language of section 13.2502 prohibits water supply corporations from extending such service. To construe the statute in such a way would require adding language to the statute, and we will not "add words that are not implicitly contained in the language of the statute." *Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex. 1991) (citing *Jones v. Liberty Mutual Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988)). Furthermore, as you note, in section 13.2501 the Legislature required that a water service corporation "*shall refuse* to serve a customer" within the corporation's certified area under other conditions. TEX. WATER CODE ANN. § 13.2501 (Vernon 2008) (emphasis added). Had the Legislature wanted to use this stronger language in subsection 13.2502(a), it knew how to do so. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) ("When the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded."). Thus, if a water supply corporation receives a request for water service from an applicant and can document that the conditions in subsection 13.2502(a) of the Water Code exist, the water supply corporation may, but is not required to, provide water service to the applicant under that statute.[4]

---

[4]Subsection 13.041(d) of the Water Code authorizes the Texas Commission on Environmental Quality to compel water service corporations to provide temporary water service in the event of an emergency. TEX. WATER CODE ANN. § 13.041(d) (Vernon 2008). This opinion should not be read to address those limited circumstances.

## S U M M A R Y

Pursuant to subsection 13.2502(a) of the Water Code, if a water supply corporation receives a request for water service from an applicant and can document that the conditions in that subsection exist, the water supply corporation may, but is not required to, provide water service to the applicant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee