IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0330
════════════
 
Liana Leordeanu, Petitioner,
 
v.
 
American Protection Insurance 
Company, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Third 
District of Texas
════════════════════════════════════════════════════
 
 
Argued April 15, 2010
 
            
Justice 
Johnson, dissenting.
 
            
Workers’ compensation statutes are construed liberally in favor of 
workers. In re Poly-America, L.P., 262 S.W.3d 337, 350 
(Tex. 2008). But construing statutes liberally does not mean effectively 
adding language to them to alter their meaning, which is what the Court does 
today. I dissent.
            
For an employee’s injury to be compensable under the Texas Workers’ 
Compensation Act, the injury must arise out of and be in the course and scope of 
the employee’s employment. Tex. Lab. Code § 401.011(10). The Act 
specifically excludes some injuries during travel from being in the course and 
scope of employment:
The term [“course and scope of employment”] does not 
include:
(A) transportation to and from 
the place of employment unless:
(i) the transportation is furnished as a part of the contract of 
employment or is paid for by the employer;
(ii) the means of the 
transportation are under the control of the employer; or
(iii) the employee is directed 
in the employee’s employment to proceed from one place to another place; 
or
(B) travel by the employee in 
the furtherance of the affairs or business of the employer if the travel is also 
in furtherance of personal or private affairs of the employee unless:
(i) the travel to the place of occurrence of the injury would 
have been made even had there been no personal or private affairs of the 
employee to be furthered by the travel; and
(ii) the travel would not have 
been made had there been no affairs or business of the employer to be furthered 
by the travel.
 
Id. § 401.011(12). Simplified, the definition specifies 
that the term “course and scope of employment” does not include “(A) 
transportation to and from the place of employment [with exceptions]; or 
(B) travel by the employee in the furtherance of the affairs or business of the 
employer if the travel is also in furtherance of personal or private affairs of 
the employee unless [both (B)(i) and (B)(ii) are satisfied].” (Emphasis added) The Court 
concludes that subsection (A) applies to travel to and from the place of 
employment and subsection (B) applies to other dual purpose travel. ___ S.W.3d ___. Under the Court’s construction of the 
statute, “course and scope of employment” does not include “(A) transportation 
to and from the place of employment [with exceptions]; or, in dual-purpose 
travel activities other than those specified in (A), (B) travel by the 
employee in the furtherance of the affairs or business of the employer if the 
travel is also in furtherance of personal or private affairs of the employee 
unless [both (B)(i) and (B)(ii) are 
satisfied].”
            
The Court reaches its conclusion by improperly reading words into the 
statute that the Legislature did not include. See City of Rockwall v. 
Hughes, 246 S.W.3d 621, 631 (Tex. 2008) (“[C]hanging the meaning of [a] 
statute by adding words to it, we believe, is a legislative function, not a 
judicial function.”). It does so by noting that the Act’s “listing 
[401.011(12)(A) and (B)] as two disjunctive exclusions, 
can be read to suggest that travel is excluded from the course and scope of 
employment if either applies.” ___ S.W.3d at ___. In my 
view, the statute not only “suggests” that travel is excluded from the course 
and scope of employment if either (A) or (B) applies, it plainly says 
so.
            
The court of appeals concluded that the statute declines to adopt the 
policy of allowing coverage when there is any business-related component to 
travel and mandates a different result for dual purpose travel. 278 S.W.3d at 881, 889. The court explained that a 
policymaker could come to the conclusion that dual purpose travel is compensable 
only if it is predominately for a business-related purpose. Id. The Court 
appears to downplay the court of appeals’ reasoning by summarizing the appeals 
court’s interpretation of the straightforward statutory language as being 
“[i]n sum, because the Legislature said so.” ___ S.W.3d ___. But when courts interpret statutory language, 
they should take that language as it is written. See Seay v. Hall, 677 S.W.2d 19, 25 (Tex. 1984) (“[I]t would 
be a usurpation of our powers to add language to a law where the legislature has 
refrained.”); Simmons v. Arnim, 220 S.W. 66, 70 
(Tex. 1920) (“[Courts] are not the law-making body. They are not responsible for 
omissions in legislation.”). Courts generally presume the Legislature said what 
it meant, and that the Legislature’s omission of words was intentional. See 
Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009) 
(“Where [statutory] text is clear, text is determinative of [Legislative] 
intent.”); Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 
(Tex. 1981); Mauzy v. Legislative 
Redistricting Bd., 471 S.W.2d 570, 572 (Tex. 1971); see Tex. & N. O. 
R. Co. v. Tex. R.R. Comm’n, 200 S.W.2d 626, 629 
(Tex. 1947). Courts should only read words into a statute when those words are 
necessary to effect clear legislative intent or are implicit in the statute, or 
when the statute yields a nonsensical or absurd result absent the words. See 
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659 
(Tex. 1995) (“[C]ourts should not insert words in a 
statute except to give effect to clear legislative intent.”); Lee v. City of 
Houston, 807 S.W.2d 290, 294-95 (Tex. 1991) (“A court may not judicially 
amend a statute and add words that are not implicitly contained in the language 
of the statute.”); Jones v. Liberty Mut. Ins. Co., 745 S.W.2d 901, 902 (Tex. 
1988) (same).
            
The words the Court adds by “construction” are not implicit in the 
statute. Further, the court of appeals’ opinion properly interprets the statute 
as the Legislature wrote it, effects the Legislature’s intent as embodied in the 
language used, and demonstrates that construing the statute as it is written 
does not yield a nonsensical or absurd result.
            
I agree with the court of appeals that the dual purpose rule applies to 
Leordeanu’s claim and her injury is not in the course 
and scope of her employment. For the reasons set out by the court of appeals, I 
would affirm its judgment.
 
                                                
________________________________________
                                                
Phil Johnson
                                                
Justice
 
OPINION DELIVERED: December 3, 2010