

# NUMBER 13-23-00124-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YOMEIDA PEREZ LONGORIA,
INDIVIDUALLY, AND AS NEXT
FRIEND OF MERINA LONGORIA
AND K.L., A MINOR, AND AS
REPRESENTATIVE OF THE
ESTATE OF J.S.C., DECEASED
MINOR, EMMANUEL GUERRA,
AND ROBERT CARDENAS,                                       Appellants,

v.

7-ELEVEN, INC.,                                            Appellee.

## ON APPEAL FROM THE 445TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# CONCURRING OPINION

**Before Chief Justice Contreras and Justices Silva and Peña[1]**
**Concurring Opinion by Justice Silva**

I respectfully concur in the judgment in this case. I agree that the Texas Dram Shop Act[2] (Act) does not extend to the circumstances of this case and that the trial court correctly granted summary judgment in favor of appellee 7-Eleven, Inc. (7-Eleven). I further agree that the Act does not sanction group-based liability or secondary sales/straw purchase liability and so I join in Parts IV.A and IV.B of the majority opinion.

I also agree that, in some limited circumstances, a single transaction can be both a sale to one recipient and a provision to another, and so I join in Part IV.C of the majority opinion. However, I would frame the analysis of the terms "provision" and "recipient" differently from the majority, and so I respectfully disagree with—and do not join in—Parts IV.D and IV.E of the majority opinion.

Under the Act, the term "provision" "includes, but is not limited to, the sale or service of an alcoholic beverage." TEX. ALCO. BEV. CODE ANN. § 2.01(2). This definition both (1) expands the acts that can be considered a provision beyond merely selling or serving and (2) conveys that any act that is considered a "provision," whether selling, serving, or something else, has the same fundamental underlying nature. Were it not so, then the terms sale and service would be defined and listed separately from provision.

---

[1] The Honorable Dori Contreras, former Chief Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2024.

[2] TEX. ALCO. BEV. CODE ANN. §§ 2.01–.03.

Whatever "provision" is meant to encompass, all acts which are provisions under the Act—including sales and service—must share some fundamental underlying nature.

I believe the fundamental underlying nature of provision under the Act is an intentional transaction between the provider and the recipient where the provider affirmatively acts to transfer alcohol to the recipient as part of that transaction. For example, simply because a store stocks alcohol for sale does not mean that it is "providing" alcohol under the Act to individuals who do not purchase the alcohol. A store does not "provide" alcohol under the Act to persons who shoplift it or who open an alcoholic beverage and start drinking in the store without payment. Nor does a bar with bottles at the bar "provide" alcohol under the Act to someone who takes a bottle without consent or "sneaks" a drink without the bartender's awareness and without payment for that drink. Likewise, a person who does not acquire alcohol from the provider as part of an intentional transaction between the provider and that person—e.g., a person at a bar who consumes alcohol from a drink purchased by another, or a person who consumes alcohol earlier purchased at a store by another person—are not "provided" alcohol by the bar or store under the Act. At a minimum, "provision" under the Act requires an intentional transaction between the provider and the recipient whereby the provider affirmatively acts to transfer the possession of the alcohol to the recipient as part of that transaction. Likewise, to be a "recipient" under the Act[3] requires that a person affirmatively receive a transfer of alcohol from the provider as part of an intentional transaction with that person.

In the case of selling and serving, the intentional transaction and transfer of alcohol

---

[3] *See* TEX. ALCO. BEV. CODE ANN. § 2.02(b)(2).

3

is readily apparent. A provider sells alcohol to a recipient when the payment is made. At that point, the alcohol belongs to the person to whom it is sold. At any point prior to the payment, the potential recipient has no right to the alcohol and the provider has not yet transferred it. Similarly, with service of alcohol, the transfer occurs when the provider pours the alcohol or passes the alcoholic beverage to the recipient.

I agree with the majority opinion that an entity may "provide" alcohol to recipients in ways other than selling or serving, *see* TEX. ALCO. BEV. CODE ANN. § 2.01(2), or even while serving or selling to other recipients in certain circumstances.[4] But whatever form a provision of alcohol under the Act may take—selling, serving, or otherwise providing, I believe that under the Act, the "provision" necessarily requires some intentional transaction between the provider and the recipient and an affirmative act by the provider to transfer the possession of the alcohol to the recipient as part of that transaction.

In this case, the intentional transaction by which 7-Eleven transferred alcohol was the sale to Randy Padilla. The record does not demonstrate any affirmative act by 7-Eleven effectuating an intentional transfer of alcohol to Maranda Longoria. The fact that Maranda placed the alcohol on the counter did not transfer possession of the alcohol to her. Likewise, the fact that the 7-Eleven sales clerk first looked to her for identification did not transfer possession of the alcohol to her. The only transfer of possession of the alcohol occurred at the moment the sales transaction between 7-Eleven and Padilla was completed—when Padilla paid for the alcohol. The alcohol legally then became Padilla's.

---

[4] The majority opinion describes two such occasions—bottle service to a table and an employer giving employees alcohol on the job. *See ante*, at 18–19 & fn.5.

At no time did 7-Eleven affirmatively act to transfer possession of the alcohol to Maranda as part of any intentional transaction between 7-Eleven and Maranda.

I believe this resolves the issues before us and we need not make any further determination in this case regarding the extent of the term "provision," much less do so in a way that would affect other provisions of the Act not before us in this appeal. Mindful of the oft-cited admonishment that reviewing courts "'may not judicially amend a statute [to] add words' that are not there[,]"[5] I am hesitant to infer a requirement under the Act that no liability will attach to a provider under the Act in any case involving "serving" or non-purchase "providing" unless there is proof of "on-premises consumption" by the recipient. The term "on-premises consumption" does not appear anywhere in §§ 2.01(2) or 2.02(b), or, indeed, anywhere in the Act.[6] Had the Legislature intended to include an "on-premises consumption" requirement to apply to liability under § 2.02(b) of the Act for serving or non-purchase provision of alcohol, it would have stated so expressly.[7] In any case, I believe it is unnecessary for us to infer any such requirement under the facts presented in this appeal. I would hold that under the facts before us, 7-Eleven's sale of the alcohol to Padilla, who paid for and took possession of the alcohol, did not constitute a "provision" of alcohol to Maranda under the Act because the intentional transaction to affirmatively

---

[5] *Tex. Medicine Resources, LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 435 (Tex. 2023) (quoting *Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988)).

[6] The closest similar term is in § 2.02(c)(2)(B), which provides for liability if an adult knowingly allows "the minor to be *served or provided* any of the alcoholic beverages that contributed to the minor's intoxication *on the premises owned or leased by the adult*," but even that provision does not require proof that the *consumption* of the alcohol took place on the premises, but only that the minor was served or provided alcohol there. TEX. ALCO. BEV. CODE ANN. § 2.02(c)(2)(B) (emphasis added).

[7] I also question the majority opinion's use of language removed by the Legislature in the drafting process of the Act (social host liability) as a basis for restricting the scope of the Act.

5

transfer possession of the alcohol by 7-Eleven was the sale to Padilla, and that transfer became complete when Padilla paid for the alcohol.

Accordingly, I respectfully concur in the judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
14th day of February, 2025.